IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATERS TECHNOLOGIES CORPORATION, | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 11-708-RGA |
| AURORA SFC SYSTEMS INC., | : : |
| Defendant. | : |

**MEMORANDUM ORDER**

Before the Court is the fully-briefed "[Plaintiff's] Motion for Leave to File a Sur-Reply Brief" in connection with the briefing on Defendant's motion to dismiss. (*See* D.I. 12 & 23). The scenario presented seems to be not atypical for these sorts of motions. The Plaintiff's motion has five pages of text, and the proposed Sur-Reply Brief has four pages of text and an affidavit with attachments. (D.I. 23). The Defendant's Answering Brief has six pages of text and a proposed Sur-Sur-Reply Brief that has six pages of text. (D.I. 26). The Plaintiff has filed a Reply that has four pages of text. (D.I. 27).

Sur-reply briefs are disfavored. *Cf.* D. Del. Loc. R. 7.1.2(b) ("no additional papers [after the reply] shall be filed absent Court approval.").

I have previously granted requests similar to the one made in this case, on the theory that the most expedient way to handle such matters was not to spend time on the collateral issue (did the original moving party "sandbag" the nonmoving party?) but to sort through the additional briefing when deciding the underlying motion. I am not going to do so in this case, because with additional reflection and experience, it seems to me that the better practice is to encourage the

parties to follow the rules. If there is a basis for allowing a sur-reply, it is usually because the moving party is raising arguments in the reply that should have been raised in the opening submission. I think the better way to handle this situation is to consider motions to strike portions of reply briefs (and then to strike those portions that are not legitimately in a reply brief). Moving parties would have greater incentive to raise the issues and arguments that ought to be in opening briefs if they thought that omitting them might mean (in essence) waiving them.

The pending motion states: "[Defendant's] reply is replete with new arguments, new unsupported theories and new aspersions." (D.I. 23, ¶ 9). In the five pages of text, including six numbered paragraphs denominated as "Argument,"[1] there is only one paragraph that is offered in support of this argument, and it cites three purported examples. Two of the three are the same – that the Defendant argued in its opening brief that "the 2010 assignment" was invalid and that it argued in its reply brief that the same assignment was a public record and valid. The third cited example is that the reply brief "impl[ies]" that the "the 2007 assignment" was falsified. It does not state why this is new argument, or how it differs from what is in the opening brief.

Thus, the Plaintiff's motion (D.I. 23) is **DENIED** without prejudice to a motion to strike, should it decide after a meet-and-confer with defendant that it needs to file one.

4-20-12
Date

Richard G. Andrews
United States District Judge

---

[1] A substantial portion of the motion is spent describing the defendant as a sandbagging, unreasonable, delay-seeking, and litigious opponent. I do not consider such characterizations (whether accurate or not, a matter on which there is no need for me to express an opinion) to be helpful in deciding how to resolve the motion.