IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATERS TECHNOLOGIES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AURORA SFC SYSTEMS INC., AGILENT TECHNOLOGIES, INC.<br><br>Defendants. | Civil Action No. 11-708-RGA |

## MEMORANDUM ORDER

Presently before me is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by Defendants Aurora SFC Systems, Inc. and Agilent Technologies, Inc. (collectively, "Defendants"). (D.I. 170). I have considered the parties' briefing. (D.I. 171; D.I. 177; D.I. 181). I held oral argument on July 10, 2017.

## I. BACKGROUND

On August 11, 2011, Plaintiff Waters Technologies Corp. filed this action alleging that Defendant Aurora SFC Systems, Inc. infringed U.S. Patent Nos. 6,561,767 (the "'767 patent") and 6,648,609 (the "'609 patent"). (D.I. 1). On January 25, 2013, Plaintiff Waters filed an amended complaint adding Defendant Agilent to the case. (D.I. 150). The amended complaint asserts the following causes of action: (1) infringement of the '767 patent by Aurora, (2) infringement of the '609 patent by Aurora, (3) infringement of the '767 patent by Agilent, (4) infringement of the '609 patent by Agilent. (D.I. 150).

On July 19, 2016, the USPTO cancelled all claims of the '767 patent. (D.I. 171-1 at 3). On October 14, 2016, the USPTO issued a *inter partes* reexamination certificate. The *inter partes* reexamination certificate cancelled claims 1, 2, 4, and 9–11 of the '609 patent; determined that claims 3, 5, and 6 were patentable as amended; determined that claims 7 and 8, as dependent on an amended claim, were patentable; and added new claims 12 and 13 (the "New Claims"). (D.I. 171-1 at 6). Amended claims 3, 5, 6, 7 and 8 (the "Amended Claims") include a differential pressure transducer, a limitation that is at least not expressly present in their respective original claims. (*Compare* D.I. 171-1 at 6, *with* D.I. 150 at 35). The New Claims also include a differential pressure transducer and the additional limitation "wherein the flow stream comprises $CO_2$." (D.I. 171-1 at 6). The $CO_2$ limitation appeared in none of the original claims. (*Compare* D.I. 171-1 at 6, *with* D.I. 150 at 35). Original, and now cancelled, claim 4 expressly contained the differential pressure transducer limitation. (D.I. 150 at 35).

## II. LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*,

550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Defendants argue that the '767 claims should be dismissed because the claims of the '767 patent were cancelled. Counts I and III of the amended complaint are dismissed in light of Plaintiff's stipulation. (D.I. 177 at p. 8).

Defendants argue that under either the first or second paragraph of 35 U.S.C. § 252, the '609 patent should be dismissed as failing to state a claim under Rule 12(b)(6) and as moot under Rule 12(b)(1).

The language of 35 U.S.C. § 252 is as follows.

The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are substantially identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

3

> A reissued patent shall not abridge or affect the right of any person or that person's successors in business who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by the reissued patent, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported unless the making, using, offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. The court before which such matter is in question may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, used, or imported as specified, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made before the grant of the reissue, and the court may also provide for the continued practice of any process patented by the reissue that is practiced, or for the practice of which substantial preparation was made, before the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

35 U.S.C. § 252.

The first paragraph of 35 U.S.C. § 252 "restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in 'identical' form." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013). "A patentee of a reexamined patent is entitled to infringement damages, *inter alia*, for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims if the original and reexamined claims are 'identical.'" *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). "Reexamined claims are 'identical' to their original counterparts if they are 'without substantive change.'" *Id.* "Furthermore, in determining whether substantive changes have been made, we must discern whether the scope of the claims are identical, not merely whether different words are used." *Id.* "If substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate." *Id.* Courts look to "whether any conceivable process would infringe the amended claim, but not infringe the original claim." *Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1303 (Fed. Cir. 2008).

"The second paragraph of section 252 provides for two separate and distinct defenses under the doctrine of intervening rights: 'absolute' intervening rights and 'equitable' intervening rights." *BIC Leisure Prod., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220 (Fed. Cir. 1993). "The paragraph consists of two sentences which address two distinct situations and provide two different types of protection." *Id.* "The first sentence defines 'absolute' intervening rights. *Id.* "This sentence provides an accused infringer with the absolute right to use or sell a product that was made, used, or purchased before the grant of the reissue patent as long as this activity does not infringe a claim of the reissue patent that was in the original patent." *Id.* at 1220–21. "This absolute right extends only to anything made, purchased, or used before the grant of the reissue patent. In other words, it covers products already made at the time of reissue." *Id.* at 1221.

"The second sentence of the second paragraph of section 252 defines 'equitable' intervening rights." *Id.* "By its terms, this sentence provides for the court to grant much broader rights than does the first sentence." *Id.* "The second sentence permits the continued manufacture, use, or sale of additional products covered by the reissue patent when the defendant made, purchased, or used identical products, or made substantial preparations to make, use, or sell identical products, before the reissue date." *Id.* I understand the second paragraph to extend to reexamination. *See Fresenius*, 721 F.3d at 1336 ("[T]he reexamination statute provides that reexamined claims 'have the same effect [in pending litigation] as that specified in § 252 of this title for reissued patents.'").

As a preliminary matter, Plaintiff argues that assertion of 35 U.S.C. § 252 is an affirmative defense that Defendants cannot rely on at this stage of the case. "[A]n affirmative defense may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d

5

Cir. 1978). It is permissible to also consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Because I take judicial notice of the *inter partes* reexamination certificate, consideration of this defense is appropriate. *See* Fed. R. Evid. 201; *Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) ("[W]e take judicial notice of the 'adjudicative fact' of the January 8, 1990, first office action on reexamination . . . .").

As currently pled, with respect to the first paragraph of 35 U.S.C. § 252, it is not plausible that a substantive limitation was not added to the Amended Claims. None of the Amended Claims that came out of reexamination had a differential pressure transducer limitation in their original counterparts. *See Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577, 1580 (Fed. Cir. 1987) ("The nearest Fortel comes to the issue on appeal lies in its passing suggestions that it did not intend its amendments to create a substantive difference and that the amendments are similar to limitations in cancelled claim 9 and original claim 10. Neither suggestion establishes that amended claim 8 is substantively identical *to any original claim*." (emphasis added)). That the limitation was expressly provided in claim 4 strongly suggests that this was not inherent in the original counterparts of the Amended Claims. It is "conceivable" that a product that did not have a differential pressure transducer would not infringe the Amended Claims whereas it would infringe their original counterparts. *See Predicate Logic*, 544 F.3d at 1303.

Plaintiff does not argue that the claim scope was not substantively changed. Plaintiff only argues that this decision is premature absent claim construction and discovery. I disagree. At this stage, it is not plausible to infer that there were no substantive changes made. I am not persuaded that claim construction or discovery would make a difference. Thus, Plaintiff has failed to state a claim under 12(b)(6), but only with respect to allegations of infringement prior to

6

October 14, 2016. Allegations of infringement prior to October 14, 2016 are also moot under 12(b)(1). *See Fresenius*, 721 F.3d at 1340 ("[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). Allegations of infringement from October 14, 2016 onwards that violate Defendants' absolute intervening rights are also dismissed. I decline to reach the issue of equitable intervening rights at this stage of the litigation.

I decline to otherwise dismiss allegations of infringement from October 14, 2016 and onwards on reexamination grounds because (1) "claims that emerge from reexamination do not in and of themselves create a new cause of action that did not exist before" and (2) those allegations are not moot. *See Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1352 (Fed. Cir. 2014).

Defendants argue that the complaint otherwise fails to plead sufficient facts for direct infringement, contributory infringement, induced infringement, and willful infringement of the '609 patent. I disagree. Given that the amended complaint was filed more than four years ago, I do not think it is proper to evaluate it under the December 1, 2015 amendments abrogating Form 18. It is plausible that Defendants sell the infringing product and components of an infringing product. It makes sense that because Defendants' customers use Defendants' device that Defendants induce them to do so. I think the allegations of willfulness are satisfactory given the allegations against Dr. Berger as inventor and infringer.

Defendants argue that the '609 claims should be dismissed with respect to Aurora because Aurora has dissolved. I do not think it is appropriate to decide whether Aurora is a proper defendant at this stage of the proceedings. I also see no harm in proceeding with Aurora as a defendant.

7

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (D.I. 170) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Counts I and III are **DISMISSED AS MOOT** by agreement. The allegations of infringement prior to October 14, 2016 in Counts II and IV are **DISMISSED WITHOUT PREJUDICE**. Allegations of infringement from October 14, 2016 onwards that violate Defendants' absolute intervening rights are **DISMISSED WITHOUT PREJUDICE**. The motion is otherwise **DENIED**.

It is **SO ORDERED** this 21 day of August, 2017.

Richard G Andrews
United States District Judge